# Hall v. Sims.

*Action on a Note given for Subscription to Corporate Stock.*

1. *Subscription to corporate stock; performance of condition.*—Where a subscription for stock in a public or private corporation is upon certain conditions, all that is required in order to compel the subscriber to pay his subscription is, that there should be a reasonable performance of said conditions.

2. *Same; action on note given therefor; admissibility of evidence.*— Where, in an action upon a note given for the subscription to stock in a railroad company, in which note it is provided that the amount should be payable "whenever the board of directors of said railway company shall decide that the railroad has been finished to a point within one mile from the center of" a certain city, and that publication of such decision in one of the daily papers "shall be final and conclusive notice" to the subscribers of the completion of the road, and it is shown that thereafter the directors of said railroad company passed a resolution declaring that said railroad "has been finished to a point within one mile of" the said named city, and notice of such completion was published as stated in the resolution, the resolution

of the board of directors is admissible in evidence, and it is competent for the plaintiff to introduce evidence to prove that the road was finished prior to the date of the published notice of that fact "to a point within one mile from the center of" the said city, notwithstanding the fact that the resolution and publication thereof stated that it was finished "within one mile" of said city; the object of the declaration of the directors provided for in the contract being to give notice of the fact of the completion of the railroad by publication, and not that such notice was to be conclusive of the way in which the road was completed, and it being consistent with the declaration of the directors that the road was built within one mile of the center of said city.

APPEAL from the Circuit Court of Pike.

Tried before the Hon. JOHN R. TYSON.

This action was brought by the appellants, J. L. Hall and L. B. Farley, trustees, against the appellee, W. A. Sims, and was founded on a promissory note executed by the defendant. This note was introduced in evidence, and is copied in the opinion. It was indorsed by the Alabama Midland Railway Company, and also by the Alabama Terminal & Improvement Company. The plaintiffs proved that the note sued on was their property, and they had the right to collect the same, and to receipt therefor and discharge the parties paying it. They also introduced in evidence the minutes of a meeting of the board of directors of the Alabama Midland Railway Company, which was held on March 3, 1890. These minutes showed that at such meeting, a resolution was unanimously adopted by the board of directors "that the railway of the Alabama Midland Railway Company is now built and finished to a point within one mile of the city of Troy in Pike county, Alabama, and within one mile of the city of Montgomery, in Montgomery county, Alabama, from its eastern terminus, and that said road is standard guage and laid with steel rails, and that publication of the same be made in the Montgomery Daily Advertiser, a newspaper published in the city of Montgomery, Alabama, which shall be final and conclusive notice to the subscribers to said Railway." There was also introduced in evidence by the plaintiff a copy of the Montgomery Advertiser, published on March 6, 1890, containing a notice of the completion of the Alabama Midland Railway as stated in the above resolution. The defendant moved to exclude the minutes of

[Hall v. Sims.]

the meeting of the board of directors of the Alabama
Midland Railway Company held on March 3, 1890, upon
the ground that the note sued on provided that it "should
not become due and payable until the directors should
decide that the railroad was built within one mile of the
center of the city of Troy, whereas, the resolution of
the directors only decided that it was built to a point
within one mile of the city of Troy." The court sustained
the motion and excluded from the evidence the said min-
utes, and to this ruling of the court the plaintiffs duly ex-
cepted. The plaintiffs then offered parol evidence show-
ing that the Alabama Midland Railway was,
prior to March 6, 1890, finished to a point within one mile
of the center of the city of Troy, Alabama, from its eastern
terminal point, and that the road was standard guage, and
laid with steel rails. To the introduction of this evi-
dence, the defendant objected. The court sustained the
objection, refused to admit the evidence, and to this rul-
ing of the court the plaintiffs duly excepted. This be-
ing all the evidence in the cause, the court, at the re-
quest of the defendant in writing, gave the general af-
firmative charge for the defendant; and to the giving of
this charge the plaintiffs duly excepted. There was judg-
ment for the defendant, and plaintiffs appeal, and assign
as error the ruling of the court upon the evidence, and
the giving of the general affirmative charge for the
defendant.

TOMPKINS & TROY and J. D. GARDNER, for appellants.
1. Under the laws of Alabama, all capital stock
whether issued before or after incorporation is governed
by the same rules. It all must be paid for in the same
manner and any conditions attached to it must be void.
Cook on Stockholders, § 79.

2. The resolution of the board of directors showed a
substantial compliance with the condition. That is all
that is necessary; exact compliance is not required.—1
Cook on Stockholders, § 86; 2 Beach on Corporations,
§§ 539, 540; *M. P. Railway Co. v. Taggard*, 84 Mo. 264;
*Stewart v. Keteltas*, 9 Bosw. 261, 267, 282; *Jackson v.
Stockbridge*, 94 Amer. Dec. 290; *Nolan v. Whitney*, 88 N.
Y. 649.

3. The decision of the board of directors was to be
evidence of the fact that the road was completed as re-

quired by the contract; and nothing more than evidence. It is, at last, the fact of completion, that fastens the obligation upon the maker, and not the mode of proving that fact. The parties agreed that the board might determine that fact, and by that agreement, they made that decision evidence of the fact; but upon no principle, can it be said to be the only evidence of the fact. The fact of completion must be proved, and that is only one mode of proving it.—2 Beach on Corporations, § 539 and note.

M. N. CARLISLE, contra.

HARALSON, J.—A condition to a subscription for stock in a public or private corporation, must be performed before a subscriber can be compelled to pay his subscription. Reasonable performance is all that is required.—1 Cook on Stocks & Stockholders, § 86; 2 Beach on Private Corp., § 540. The complaint alleges performance of the conditions found in the note offered in evidence.

The note reads as follows: "I promise to pay to the Alabama Midland Railway Company, as now chartered under the general railroad law of the State, or any amendments that may be hereafter made, either by general law or by act of the legislature, its order or assigns, five hundred dollars at the banking house of Farmers' and Merchants' Bank, Troy, Ala., to be paid in cash, on demand, at the maturity of the note, the amount being the total amount of my subscription to the capital stock of the Alabama Midland Railway Co. *It is agreed, that the said amount, to-wit, five hundred dollars, mature and become due and payable whenever the Board of Directors of said Railway Company shall decide that the railroad has been finished to a point within one mile from the centre of the city of Troy, Ala., from one or the other of its terminal points; and that said road is of standard gauge, laid with steel rails, publication of said decision of said Board of Directors to be made in one of the daily papers of the city of Montgomery, Alabama, shall be final and conclusive notice to me of the same.* It is hereby agreed and made part of the condition of this contract, that if the said Alabama Midland Railway Company shall fail to complete the work necessary to make this obligation binding by October 1, 1890,

then this instrument is null and void,'' &c.   The note bore date April 7th, 1887.   An examination of this instrument shows, that it is an absolute promise to pay $500 on the completion of said road  from one terminal point to the other, running within a mile from the centre of the city of Troy, if completed by the 1st day of October, 1890, of standard gauge laid  with steel rails. These are the essential conditions imposed  for the payment of said note.   If completed by the  1st of  October 1890, in the manner  and on  the conditions specified, it· became absolutely payable on that date; but if not completed by that date, if  not of  standard  gague,  laid  in steel rails, or if not run within a mile  of  the  centre  of Troy, the note was to be null and void.   But it is evident the parties understood, that the road might be  completed at an  earlier  date  than  the 1st of  October, 1890 ; and that it was' their design to mature the note  earlier than that date, if, and when, the road should be  earlier completed.   The fact appears, that it was completed earlier, and the declaration of the directors  to  that  effect  was made on the 3d of March, 1890.   For  that  reason, the clause italicized—it  is  fair  to assume—was  inserted. The defendant, it may be  presumed, was  interested  in having  the  road built.   He was  willing to  subscribe $500 to its stock, in order  to procure its  building,  and to pay that sum whenever it was  completed according to contract, if done by a  fixed period of time within which the company was given to accomplish  the undertaking. It would not be a fair construction of that clause to hold it to  mean,  that  the defendant  was bound absolutely by the declaration of the directors, that the work  was completed according to contract,  without  reference  to  the correctness of their declaration.   It was the reasonable, *bona fide* completion of the work, according to the terms of the subscription, and not the declaration of  the directors, that  bound  defendant  to pay his note.   If  they had made a false declaration, defendant would not have been bound thereby to pay.   The object of the  declaration, as we  have stated, evidently was, that the work having in fact been completed according to contract, the directors might give notice  of the  fact by publication, which notice should be taken as  ''final and  conclusive'' to defendant of its completion, at which time he  agreed to pay on demand.   It is not  provided   that  the  note

[Hall v. Sims.]

should be void, if this declaration was not made within any limited time, nor was it provided that the declaration should be final and conclusive on defendant. It was the *notice* by publication of the completion of the road that was provided to be conclusive. The declaration might have been made, after October 1, 1890,—the time by which the road was completed,—provided it was in fact finished by that date, as well as at any time before, on the completion of the road.

Now, the declaration of the directors, when made, on the 3d of March, 1890, omitted to state, "that the road has been finished to a point within one mile from the centre of the city of Troy, Ala.," but it did declare, that said road "is now built and finished to a point within one mile of the city of Troy in Pike county, Ala." Because of this omission, the declaration as evidence was, on motion of defendant, excluded; and the plaintiffs were not allowed to prove that the road was finished prior to the 6th of March, 1890,—the date of the published notice of that fact,—to a point within one mile from the centre of the city of Troy from its eastern terminal point; that it was of standard gauge, and laid with steel rails. In this the court erred. It is entirely consistent with the declaration of the directors as made, that the road had in fact been built within one mile *of the centre* of the city of Troy. If built within a mile from the centre, it was necessarily within a *mile of the city*, though the converse of the proposition may not be true, viz., that if the road was within a mile of the city, it was not necessarily within a mile of its centre. The declaration of the directors does not negative the fact, that the road was within a mile of the centre of Troy; and if it was a fact, it ought to have been allowed to be shown,—as was proposed to be done,—just as well as if the directors had made a false statement, as touching this matter, that fact might have been shown by the defendant. It was the truth of the fact declared, and not the mere declaration of it, that was important and controlling.

We have confined ourselves to the single question which counsel have presented and argued in their briefs.

Reversed and remanded.

BRICKELL, C. J., not sitting.