# Garner v. Hall & Farley.

*Action on Note for Subscription to Corporate Stock.*

1. *Note for subscription to capital stock; limitation as to time of payment; when shown to mature.*—Where a note, given for the subscription to stock in a railroad corporation, contains the stipulations that the amount thereof should be payable "whenever the board of directors of said railway company shall decide that the railroad has been finished" to a certain point, and that if said company "should fail to complete the work necessary to make this obligation binding by the first day of October, 1890," the note should be void, such note matures whenever the road is completed according to the terms ·and conditions stipulated therein, provided it is not later than October 1, 1890; and upon such completion of the road at a date earlier than the first of October, if there is a compliance with the other terms of the note, the debt becomes due as of that date, from which date the statute of limitations begins to run.

2. *Same; same; evidence of earlier completion admissible in action on such note.*—In an action on a note given for subscription to stock in a railroad company, which provides that it shall be payable "whenever the board of directors of said railway company shall decide that the railroad has been finished" to a certain point, and that if said company "should fail to complete work necessary to make the obligation binding by the first of October, 1890," where the defendant pleads the statute of limitations of six years, and issue is joined thereon, evidence that the note matured earlier than October 1,

[Garner v. Hall & Farley.]

1890, and more than six years before the institution of the suit is admissible.

3. *Same; insufficient plea of the statute of limitation.*—In a suit upon a note given for subscription to stock in a railway corporation, which provides that it shall be payable "whenever the board of directors of said railway company shall decide that the railroad has been finished" as stipulated in said note, and that publication of such decision by the directors in a daily newspaper in a designated town "shall be final and conclusive notice"of such completion of the road, a plea which averred that, on a day more than six years before the institution of the suit, the board of directors published in one of the specified newspapers that the road was completed and that the note sued on had matured, but which did not aver, as a fact, that the board of directors declared that the road had been finished as provided in the note, and did not aver the further fact that the railroad had been finished for more than six years before the commencement of the suit and prior to the decision of the directors, is sufficient and demurrable.

4. *Same; same.*—In an action on such a note, a plea, which averred, as a fact, the decision of the board of directors that the road was completed as provided, and that there was publication of such decision, but which did not further aver, as a fact, that the road was finished as stipulated for when the decision of the directors and the publication thereof were made, is insufficient; the finishing of the road as stipulated being indispensable to fix liability upon the defendant, and the declaration thereof by the board of directors and its publication, alone, were not insufficient to mature the obligation.

5. *Same; action on note given therefor; admissibility of evidence.*—In an action upon a note given for subscription to stock in a railroad company, in which note it was provided that the amount should be payable "whenever the board of directors of said railroad company should decide that the railroad has been finished to a point within a half mile from the center of" a certain city, and that publication of such decision in one of the daily papers "shall be final and conclusive notice" to the maker of the completion of the road, where it is shown that subsequent to the execution of the note the directors of said railroad company passed a resolution declaring that said railroad "has been finished to a point within a half mile of" the designated city, and notice of such decision was published as stated in the resolution, such resolution by the board of directors and the notice published in the daily paper are admissible in evidence, and it is competent for the plaintiff to show by parol evidence, in connection with the published notice, as a fact, that the railroad was finished to a point within a half mile of the center of said city, notwithstanding the resolution and publication thereof stated that the railroad was finished within a half mile of said city; it being consistent with the decision of the directors that the road was completed within a half mile of the center of said city.

[Garner v. Hall & Farley.]

6. *Same; same; requirement of notice by publication does not exclude other kinds of notice; evidence of personal notice admissible.*—In such a case, the provision in the note that publication of the decision of the board of directors made in a certain daily newspaper "shall be final and conclusive," notice to the maker of the note, does not exclude all other kinds of notice, and thus require publication in such paper in order to make notice to the maker of the note valid. The publication declares the fact of such notice, but personal notice to the maker of the note would be equally effectual; and, therefore, in an action on such note, where the defendant pleaded the statute of limitations, it is prejudicial error to exclude evidence offered by the defendant that he was notified both by publication in another paper and by personal notice by the plaintiff that the road had been finished, and that plaintiff demanded payment of him, more than six years before the institution of the suit.

APPEAL from the Circuit Court of Dale.

Tried before the Hon. J. W. FOSTER.

This action was brought by the appellees, Hall & Farley, against the appellant B. P. Garner; and counted upon a promissory note, which was shown to have been duly assigned to the plaintiffs and was commenced on December 24, 1895. The note sued upon and set out in the complaint was in words and figures as follows:

"$100.00                OZARK, ALA., April 2, 1897.

I promise to pay to the Alabama Midland Railway Company, as now chartered under the general railroad laws of this State, or any amendment that may hereafter be made either by general law or by act of the legislature, its order or assigns, one hundred dollars, at the banking house of Farmers & Merchants Bank, Troy, Alabama, to be paid in cash on demand at maturity of this note; this amount being the total amount of my subscription to the capital stock of the Alabama Midland Railway Company. It is agreed that said amount, to-wit: One hundred dollars, mature, and become due and payable whenever the board of directors of said railroad company shall decide that the railroad has been finished to a point within one-half mile from the center of the city of Ozark from one or the other of its terminal points, and that said road is of standard quage, laid with steel rail, publication of said decision of said board of directors to be made in one of the daily papers of the city of Montgomery, Alabama, shall be final and conclusive notice to me of the same. It is

[Garner v. Hall & Farley.]

hereby agreed and made part of the condition of the contract, that if the said Alabama Midland Railway Company should fail to complete the work necessary to make this obligation binding by the first day of October, 1890, then this instrument is null and void. I hereby waive all and every right which I may now or hereafter have under the constitution and laws of Alabama to have my personal property exempt from levy and sale under legal process and choses in action from garnishment.

  [Signed.]                          B. P. GARNER.''

  The complaint then continues as follows : ''The plaintiff avers that said railroad of said Alabama Midland Railway Company was finished to a point within one-half mile from the center of the city of Ozark, Alabama, from one or the other of the terminal points, towit : Bainbridge, Georgia, and Montgomery, Alabama, prior to the first day of October, 1890, on, towit, the first day of May, 1890, and that said road is of standard gauge, and laid with steel rail.'' To this complaint the defendant demurred upon the following grounds : ''Said plaintiff's doth not aver that the board of directors of said Alabama Midland Railway Company ever decided that said railroad has been finished to a point within one-half mile of center of Ozark, Alabama, from one or the other of its terminal points, and that said road is of standard gauge, laid with steel rail, publication made thereof in one of the daily papers of the city of Montgomery, Alabama, when the note sued on, as shown by complaint of plaintiffs, stipulated by the terms thereof that said action by said directors of said railroad was necessary, before the said note became due and payable—or said note should mature wherefore.'' This demurrer was overruled, to which ruling the defendant duly excepted. The defendant then pleaded the general issue and the following special pleas : ''4th. That said note sued on was given in compliance with the terms of a subscription. The condition of said subscription, being that defendant should have one-third share of the full paid up capital stock of the Alabama Terminal and Improvement Company of the value of $33\frac{1}{3}$ dollars ; also $\frac{2}{3}$ share of the full paid up stock of the Alabama Midland Railway Company of par value of $66\frac{2}{3}$ dollars delivered to him contemporaneous, with the

[Garner v. Hall & Farley.]

payment of said notes. And defendant avers that plaintiffs have never offered to deliver defendant said stock, and that said stock has been demanded of plaintiffs, and that plaintiffs refused or failed to deliver defendant said stock, and plaintiffs have not produced, or offered to produce any authority from said Alabama Midland Railway, whereby plaintiffs could issue or deliver to defendant stock as aforesaid, upon the payment of said note by defendant. 5th, That the Alabama Terminal and Improvement Company was fraudulently organized, and not in compliance with the laws of Alabama. That fifty per cent. of the capital stock was not subscribed in good faith before the election of the board of directors and other officers. That twenty per cent. of the subscription payable in money, was not paid in, or received by the commissioners authorized to receipt for the same, as required by law in such cases. That by fraudulent representations as to such facts, said commissioners attempted to organize said corporation. That said corporation has never existed *de jure*. 6th. The defendant for further answer to said complaint says that the note sued on is barred by the statute of limitation of six years. And of this the defendant puts himself upon the country. 7th. That said note sued on matured, and became due and payable when the board of directors of said Alabama Midland Railway Company should decide that the railroad had been finished to a point within one-half mile from the center of Ozark, from one or the other of its terminal points, and that said road was of standard guage, laid with steel rails, publication of said decision of board of directors to be made in one of the daily newspapers of the city of Montgomery, Alabama, to be final and conclusive notice to defendant. And defendant doth aver that in compliance with said stipulation and contract in said note said board of directors did publish in a daily newspaper of the city of Montgomery, Alabama, that said railroad had been finished to Ozark, Alabama, from one of its terminal points, and that said road was of standard guage, laid with steel rails, and in full compliance with the contracts of said Alabama Midland Railway Company, and declaring that said note was due, payable, and had matured on the 27th day of September, 1889—more than six years previous to commencement of suit

[Garner v. Hall & Farley.]

in this cause. That note sued on is barred by statute of limitation of six years—being an instrument not under seal. 8th. That said note became due on 27th day of September, 1889, for that the board of directors of the Alabama Midland Railway Company did decide and publish in the Montgomery Advertiser, a daily newspaper in the city of Montgomery, Alabama, on the 27th day of September, 1889, the fact that said road had been finished through and into Ozark, from one of its terminal points and that said road was of standard guage, laid with steel rail, as stipulated in the contract sued on. Further declaring that said note was due and payable according to the terms of subscription to the stock of said railroad company as evidenced by note sued on, and that said railroad was finished within one-half mile of the center of Ozark on said 27th of September, 1889, wherefore said note is barred by the statute of limitation of six years—being a contract not under seal.''

The plaintiffs demurred to the 4th plea upon the following grounds : 1st. Because the note sued on and set out in the complaint does not contain any such condition as that alleged in the plea. 2d. Because it does not appear from said plea that the delivery or tender to the defendant of the stock therein referred to was a condition precedent to the note sued on. To the 5th plea the plaintiffs demurred upon the following grounds : 1st. The legality and irregularity of the incorporation of the Alabama Terminal & Improvement Company cannot be inquired into collaterally as attempted in said plea. 2d. The alleged illegality of the organization of the Alabama Terminal & Improvement Company cannot affect the validity of the defendant's contract with the Alabama Midland Railway Company. 3d. Because it does not appear from said plea that any of the misrepresentations by the commissioners were ever made to the defendant. To the 6th plea, the plaintiffs demurred upon the following grounds : 1st. Said plea fails to aver the facts which are relied on to constitute a bar of the statute of limitation of six years. 2d. Because the note sued on is shown by the averments of the complaint to have matured and become payable on the 1st day of October, 1890.

The plaintiffs moved to strike from plea number 7 all the averments thereof except the last sentence, upon the

following grounds : "1st. It is not averred that any decision was made by the board of directors of the Alabama Midland Railway Company, that the railroad had been finished to within one-half mile of the center of the city of Ozark, Alabama, from one or the other of its terminal points, that said road was of standard guage, laid with steel rails. 2d. Upon further ground, that the notice alleged to have been published by said board of directors is not alleged to have contained the statement, that said railroad was completed to within a half mile of the center of the city of Ozark, Alabama." Then the plaintiffs moved to strike out the last sentence of said plea, because it was a repetition of the 6th plea filed by the defendants. There was also a motion made by the plaintiffs to strike defendant's 8th plea from the record. The court sustained the plaintiffs' demurrers to the 4 and 5 pleas, and overruled the demurrers interposed to the 6th plea. The court also granted the plaintiffs' motion to strike the defendant's plea number 7, and also to strike the 8th plea from the record. To each of these rulings the defendant separately excepted.

The evidence of the plaintiffs, as shown by the bill of exceptions, tended to show that the Alabama Midland Railway was complete, as stipulated for in the note of subscription sued on, from Montgomery, Alabama, to Bainbridge, Georgia, on May 22, 1890, and that said road, as completed, ran within less than one-half mile from the center of the city of Ozark, in Dale county, Alabama.

The defendant, as a witness in his own behalf, testified that the Alabama Midland Railway was running a regular freight and passenger schedule on their road between Montgomery, Alabama, and Bainbridge, Georgia, in the month of August, 1889 ; and that in September or October, 1889, the agent of the Alabama Midland Railway Company called on him for the payment of the note here sued on, stating that it was then due, and that the railroad was completed as stipulated. The defendant offered in evidence the notice which was printed in the Montgomery Daily Advertiser, a newspaper published in the city of Montgomery, Alabama, for ten days, to-wit, from September 27 to October 7, 1889, which notice was as follows :

"Notice to subscribers.—The State of Alabama,

[Garner v. Hall & Farley.]

Montgomery county. Notice is hereby given that the Alabama Midland Railway has been constructed and completed into and through the counties of Henry and Dale in Alabama, passed through and into Gordon, Ashford, Dothan, Midland City, Newton and Ozark; that said road is laid with sixty pound steel rail and thoroughly equipped, and built in a thoroughly first-class manner as prescribed in the contract, and subscriptions to the stock of said railway company, at the several points named, are now declared by the board of directors to be due and payable according to the terms of subscription.

. O. C. WILEY, President."

The plaintiffs objected to the introduction of this notice in evidence upon the following grounds: 1st. That said notice fails to show that the board of directors of said railroad company had decided that the railroad had been finished to a point within one-half mile from the center of the city of Ozark, from one or the other of its terminal points, and that said railroad was of standard guage and laid with steel rails. 2d. Because said notice failed to show that the said railroad had been finished to a point within half a mile from the center of the city of Ozark. 3d. Because said notice fails to show that said railroad was of standard guage. 4th. Because said notice did not comply with the terms of the conditions in the note sued on. 5th. Because it was not shown that said notice was based or predicated upon any decision of the board of directors of the Alabama Midland Railway Company. 6th. Because it was not shown that the board of directors had ever made a decision or decided in any manner that said railroad was completed as required by the condition in the note sued on, and authorized or directed the president, O. C. Wiley, or anyone else to publish said notice." The court sustained the objection and refused to allow the notice to be introduced. To this ruling the defendant duly excepted. The defendant then offered in evidence the following notice published in Ozark, Alabama, for three weeks, commencing October 1. 1889:

"Notice to subscribers: Notice is hereby given that the Alabama Midland Railway having been finished to a point within a half-mile of the town of Ozark, and that said road having been built in a substantial and

first-class manner and in conformity with the notice published in the Montgomery Advertiser, the subscriptions to the capital stock of said company are declared by the board of directors to be due and payable, and notes of subscribers can be found with Farmers' & Merchants' Bank at Troy, Alabama, where the subscribers will call, or send and pay them. Mr. G. Peterson is the authorized agent to receive and remit the amount and issue the stock. Mr. J. F. McDonald is appointed special agent in collections. J. W. Woolfolk, president, and O. C. Wiley, vice-president."

The plaintiffs objected to the introduction of the above notice upon the following grounds : 1st. Because the Ozark Star was not a daily newspaper published in the city of Montgomery, Alabama. 2d. Because said notice was not in compliance with the condition contained in the note sued on, and also upon the additional grounds of objection made to the introduction of the notice offered in evidence above by the defendant published in the Montgomery Advertiser, dated September 27th, and signed by O. C. Wiley, president. The court sustained this objection, refused to allow the notice to be introduced in evidence, and to this ruling the defendant duly excepted.

Upon the hearing of all the evidence, the court at the request of the plaintiffs, gave to the jury the following written charge : "The court charges the jury that if they believe the evidence, they should find for the plaintiffs for the amount sued for." To the giving of this charge the plaintiffs duly excepted. There were verdict and judgment for the plaintiffs. The defendant appeals and assigns as error the several rulings of the trial court to which exceptions were reserved.

CHAS. WILKINSON and BLACKBURN & BAILEY, for appellant.—1. Note sued on being payable, on condition precedent, complaint was subject to demurrer in failing to allege performance thereof—4 Encyc. of Pleading, 628 ; *Griel & Bro. v. Solomon*, 82 Ala. 91 ; *Flouss v. Eureka Co.*, 80 Ala. 30 ; *Bank v. Boykin*, 9 Ala. 320.

2. This note fell due, matured on notice and demand, for payment by directors of the Alabama Midland Railway Company, and barred by the statute of limitations of six years.—Thompson on Corporations, §§ 1755, 1746 ;

[Garner v. Hall & Farley.]

1 Cook on Stockholders, §§ 89-115; 23 Amer. & Eng. Encyc. of Law, 811, 812, note 4.

3. The term of subscription made the payment of note and delivery of stock mutual conditions, and the transferee of notes cannot recover until they show authority to issue or deliver said stock.—*Maxim v. Morse*, 8 Mass. 127; *Allen & Co. v. Ferguson*, 18 Wall. 1.

R. L. HARMON, *contra.*—1. Defendant's seventh plea is, in effect, a plea setting up the statute of limitations of six years, and is a repetition of defendant's sixth plea. If there was any error in sustaining the demurrer to this plea it was harmless, because defendant had the full benefit under his sixth plea of everything that could have been proved for his benefit under the seventh plea. *Owings v. Binford*, 80 Ala. 421; *K. C., M. & B. R. R. Co. v. Higdon*, 94 Ala. 286; *Marelowe v. Rogers*, 182 Ala. 510.

2. It is contended that the plaintiffs are estopped from denying that the conditions of the note had been fully complied with, and the note due and payable in September, 1889, on account of the notice published and demand made for payment, as shown by the bill of exceptions; but there is no element of estoppel in this case binding on plaintiffs. An estoppel must be mutually binding on the parties.—Bigelow on Estoppel, (5 ed.) 570; *Sullivan v. Conway*, 81 Ala. 154.

COLEMAN, J.—The contract sued on in this case is an exact copy in all material respects of the contract sued upon, in the case of *Hall v. Sims*, 106 Ala. 561. Unless we depart from the construction placed upon the contract in that case, this case must be reversed. In construing the contract in that case we said: "But it is evident the parties understood that the road might be completed at an earlier date than the first of October; and that it was their design to mature the note earlier than that date, if, and when the road should be earlier completed." We are of opinion that this is the proper construction of the contract. The question then is, were the condition and terms necessary to mature the note, complied with and performed, more than six years before the bringing of the suit? These were, that the railroad should be finished according to contract, a decision by the board of directors to that effect, and notice to the

[Garner v. Hall & Farley.]

obligor. Certainly upon proof of these facts, at any time after the execution of the contract, the obligor could not have defeated a recovery upon the ground that the note did not mature until October 1st, 1890, and if the obligation matured as to defendant prior to October 1st, 1890, it must have matured also as to plaintiffs. The defendant was entitled to prove these facts if he could, under his plea of the statute of limitations of six years, to show that the note matured, more than six years before the beginning of the suit.

The seventh plea of defendant was defective. It failed to aver, as a fact, that the board of directors declared that the road had been finished as provided in the contract, and it should have averred the further fact that the railroad had been finished on the 27th of September, 1889, or some period more than six years before the commencement of the suit, and prior to the decision of the board of directors.

The eighth plea of defendant averred as a fact, the decision of the board and notice, but it also failed to aver as a fact, that the road was finished when the decision of the board was made and the notice given. As stated in *Hall v. Sims*, 106 Ala. 561, *supra*, the declaration and notice by the board alone were not sufficient to mature the obligation. The finishing of the road was indispensable to fix a liability upon the defendant; and in that case this court held, that although the decision of the board declared that "the road had been finished to a point within one mile of the city of Troy," whereas the contract declared that it should be finished to a point within one mile of the center of the city of Troy, the plaintiffs had the right to show by parol as a fact that the road was finished as provided in the contract, and to show that this was done on the 6th of March prior to October 1st, 1890, as the time when the contract matured; and reversed the case, for the error of the trial court in excluding the parol evidence. The trial court committed a similar error on the present trial in excluding all the notices given by the plaintiffs that the road had been completed on the 27th of September, 1889. We presume that the notice published in the Montgomery Advertiser was excluded because it stated that the railroad had been constructed and completed, passing *through and into* Ozark, instead of *"to a point*

*within one-half mile of the center of Ozark.*" It was entirely competent to show by parol in connection with the published notice, as a fact, that the road was finished to a point within a half mile of the center of the city of Ozark.—*Hall v. Sims*, 106 Ala. 561, *supra*.

The provision in the contract that publication of the notice in the Montgomery Advertiser, "shall be final and conclusive" of notice to the obligor, does not exclude all other kind of notices. It declares the effect of such a notice. The real intention of the parties, was to fasten a matured liability, whenever and as soon as the road was finished according to contract, provided it was finished not later than October 1st, 1890. The plaintiff was not bound to publish notice in the Montgomery paper of the decision of the board of directors, in order to make the notice valid. Personal notice would have been equally effective. We cannot see that the refusal of the court to permit the defendant to introduce evidence, that he was notified by publication, and personally, by the plaintiff, that the road had been finished, and that plaintiff demanded payment of him, more than six years before the bringing of the suit, was error without injury. It may be that if this evidence had been admitted, the defendant would also have connected it with the evidence showing that the board of directors had made a proper and sufficient declaration or decision that the railroad had been finished.

We find no error in the ruling of the court under the pleadings.

Reversed and remanded.