[Broadus, et al. v. Russell.]

# Broadus *et al. v.* Russell.

## *Assumpsit.*

(Decided April 22, 1909.  49 South. 327.)

1. *Appeal and Error; Presumptions; Presence of Court Officers.*—In the absence of an affirmative showing to the contrary, it will be presumed on appeal that the proper and essential officials to constitute the court were present and performed their functions, where the record shows that the lower court was held at a time and place provided by law.

2. *Pleading; Replication; Reiteration of Averments of Plea; Demurrer.*—Where the action was for money paid on a subscription for a breach of the conditions thereof and the defense was plaintiff had breached his subscription agreement, as to the payment of the amount in installment, a replication asserting that the matters set up in the plea were passed upon in a former action between the parties wherein it was decided that the defendant had not complied with the conditions of plaintiff's subscription, was not subject to demurrer on the ground that it did not show plaintiff's compliance with the terms of his subscription since the demurrer merely reiterated a material averment of the plea; the demurrer was also inapt because if the averments were true, the matters spoken by the demurrer had been formally adjudicated.

3. *Guaranty; Performance of Agreement by Third Person.*—Where certain individuals who were promoting a cotton mill company agreed in writing with a subscriber to the capital stock thereof that he should have his money back, if he desired in case the company being organized did not, within a year from its organization establish a tiling plant, such individuals were guarantors of the performance by the mill company of the agreement and personally liable for the breach of the agreement.

4. *Same; Conclusiveness of Adjudication Against Principal; Privity.*—Where a subscriber refused to pay a balance of his subscription to the capital stock because of the company's failure to establish a tiling plant and in an action by the company for the balance of the subscription obtained a judgment against the company, such judgment would not bind the promoters of the company who had guaranteed a refunding of the subscribers money in case the plant was not established, as no such privity was shown between the promoters and the company as would bind the promoters.

5. *Same; Liability of Guarantors.*—Where promoters of the company guaranteed to a subscriber to the capital stock thereof, that he should have a return of his money if, within a year from its organization, the company did not erect a tiling plant, such subscriber could recover the amount paid from the promoters, if the company abandoned the purpose to erect the plant and subscriber seasonably elected to demand a return of the money paid on the subscrip-

23—160

[Broadus, et al. v. Russell.]

tion, regardless of the time when the company determined to abandon the purpose of erecting a tiling.

APPEAL from Jackson Circuit Court.

Heard before Hon. W. W. HARALSON.

Assumpsit by I. P. Russell against S. S. Broadus and others, on guaranty. Judgment for plaintiff and defendants appeal. Reversed and remanded. In connection with this case see *Russell v. Broadus Cotton Mills,* 39 South. 712.

VIRGIL BOULDIN, for appellants.—A contract may have for its consideration the making of another contract, and when such is the case, the breach of one is the discharge of the other.—9 Cyc. 316, and note; 62 N. Y. 139; 22 N. Y. Supp. 516. The judgment in the case set up was between wholly different parties, and showed no privity. —23 Cyc. 1237-1238; *L. & N. v. Brinkerhoff,* 119 Ala. 606.

W. F. ESLINGER and BILBRO & MOODY, for appellee.— The right of promoters or prospectors to bind a contemplated corporation is well established.—*Moore & Handley Hdw. Co. v. Tower Hdw. Co.,* 87 Ala. 211; *Bridgeport E. & I. Co. v. Meadow,* 72 Fed. 115; 1 Morawetz, Private Corp. sec. 549. A verbal promise is good under such circumstances.—*Rives v. Montgomery Plank R. Co.,* 30 Ala. 92; *Smith v. Montgomery P. R. Co.,* 30 Ala. 667. A condition to a stock subscription must be performed before a subscriber can be compelled to pay his subscription.—*Hall v. Semmes,* 106 Ala. 561. After notice that the corporation will not comply with the conditions Russell could interpose that defense although the time had not expired.—*Drake v. Goree,* 22 Ala. 180. The demurrer was properly overruled to replication 2.—*Broadus Cotton Mills v. Russell,* 39 South. 712. It is unneces-

sary to prove facts admitted by pleading.—*Davidson v. Rothschild*, 49 Ala. 104. For a definition and liability of guarantors see 20 Cyc. 1397-1400. The facts set up in the agreement of counsel, are judicial admissions. —16 Cyc. 967. And is of the most satisfactory evidence. —31 Ala. 139.

McCLELLAN, J.—The insistence in behalf of counsel that this appeal should be dismissed because the transcript contains no organization of the court below is not sustained by reference to the record before us. The transcript does contain the formal recital that "on the 26th day of February, 1906, at a regular term of the circuit court of Jackson county, state of Alabama, was begun and held at Scottsboro, the place of holding the same, when the following proceedings were had and done." That was a time and place provided by law for holding such court. The necessary inference is that the proper and assential officials in order to constitute a court were present and performed their functions in the premises. The cases of *McPherson v. Wiggins,* 40 South. 961, and *Mayhall v. Eddleman,* 41 South. 425, are not in point here, for the reason that the transcripts in those instances were entirely silent in respect of the organization of the court. The existence as well as the very general indulgence thereof by appellate tribunals of the presumption, nothing expressly appearing to the contrary, that a court held at a legal time and place was properly organized, may be found asserted in Elliott's Appellate Procedure, § 714, and notes. Previous to the actual incorporation of the Broadus Cotton Mills the following instrument, self-explanatory, was executed: "Stevenson, Ala., April 10, 1901. I. P. Russell, Esq.: In your subscribing for one thousand ($1,000.00) dollars of stock in the cotton mill we are arranging for Stevenson,

it is the understanding and agreement that you, in mak-
ing said subscription, are to have your money back and
said subscription canceled (if you shall so desire), if the
mill enterprise does not within one year from its organ-
ization establish a tiling plant likewise. (Signed) S. S.
Broadus. T. B. Timberlake. J. F. Washington." Rus-
sell paid $200 on his subscription and was later sued by
the Broadus Cotton Mills to recover the unpaid balance
of $800. Among other pleas interposed by Russell was
one asserting that the erection of the "'tiling plant" men-
tioned in the instrument—an instrument separate from
the subscription list signed by Russell—had been aban-
doned by the company, and that, therefore, he was dis-
charged from the payment of the unpaid subscription;
and two other pleas, numbered 3 and 4, based on the
breach stated, praying judgment by way of set-off and
recoupment, respectively, for the $200 paid to the corpo-
ration on his subscription. From the judgment entry in
the case it appears that these pleas of set-off and recoup-
ment were stricken on demurrer, but in the agreed state-
ment of facts filed in that action it was admitted that the
averments of fact in those pleas, aside from two excep-
tions not now important to note, were true. The verdict,
however, was in favor of the defendant on the "issues,"
and there were other issues besides those sought to be
presented by pleas 3 and 4, and the judgment simply dis-
charged the defendant and awarded him his costs. It
hence appears that the issues attempted to be presented
by pleas 3 and 4 were not litigated in that action, being
eliminated by the sustaining of demurrers to them. And
the correctness of this result finds justification in the
decision of *Russell v. Broadus Cotton Mills*, 39 South.
712. This judgment seems to now stand as rendered.
Subsequently Russell brought suit against the Broadus
Cotton Mills to recover the $200 paid. The defendant

[Broadus, et al. v. Russell.]

was given judgment below, and on appeal by Russell that judgment was affirmed.—*Russell v. Broadus Cotton Mills* (Ala.) 39 South. 712. This court in affirming the **judgment proceeded on the idea,** and so held, that the obligation was not that of the corporation, but was that of the individuals signing it; and hence proof of the circumstances attending its execution and tending to show the capacity in which the paper was executed was inadmissible. Whether this ruling on the facts and circumstances present in that litigation was sound may be a matter of doubt, as will appear from these authorities:— *Moore Co. v. Towers Co.,* 87 Ala. 206, 211, 6 South. 41, 13 Am. St. Rep. 23; 1 Morawetz on Private Corp. (2d Ed.) § 549; *Bridgport Co. v. Beader,* 72 Fed. 115, 18 C. C. A. 451. But applying in the present case the ruling stated the result was, of course, to remit Russell to his action against the individuals for the recovery of the $200 paid and to the return of which he was clearly entitled for the confessed breach of the condition stipulated in the instrument for the erection of the "tiling plant." Accordingly Russell instituted the action at bar against the individuals, and judgment was rendered in his favor.

One of the defenses interposed, additional to a general denial of liability, was that the defendant breached his subscription agreement to pay in four installments the amount so subscribed by him, whereby the corporation was deprived of the use of the subscribed sum "in erecting the cotton mill and tiling plant contemplated in the agreement." The court overruled the demurrer to this plea 6, putting the plaintiff to his replication. His replication No. 2, to the sixth plea, alleged that the matters set up in the plea were passed upon in Broadus Cotton Mills against I. P. Russell in the circuit court, and it was decided that said corporation had not complied with the condition of Russell's subscription (as shown by the

agreement quoted before and here sued on), and could not recover the unpaid balance.

This finally brings us, through a part of the confusion apparent, to the assignments of error, the first of which rests on the action of the court in overruling the defendants' demurrer to the second replication to plea 6. This demurrer took the points that the replication did not show compliance by plaintiff with the terms of his subscription; and, secondly, that it did not appear that the defendants were parties to that litigation. The first point asserted by the demurrer was manifestly bad, for the reason that it merely reiterates a material averment of plea 6. If it were not subject to that criticism, it was patently inapt, since if the averment were true, as the demurrer confesses, the very matter spoken by this ground of the demurrer was the matter formally adjudicated.

The second ground of demurrer presents a different inquiry. The posture of the case brought about by the two decisions, the one in the circuit court and the other here, put the plaintiff to his action against the individuals as in nature guarantors (20 Cyc. pp. 1397, 1400) of the performance of an agreement by a third party, which, if breached, and it so here appears without dispute, consequently gave the plaintiff a right of action against these defendants. The guaranty in this instance was that the Broadus Cotton Mills would erect the "tiling plant" within a year. That this condition to the retention of the plaintiff's subscription already in part paid or to demand payment of that unpaid would not be complied with by the Broadus Cotton Mills was known to the plaintiff even before the year had expired and acting on it, as was his right, he declined to pay the balance, and in so doing the circuit court adjudged him within his rights, and of this judgment the Broadus Cot-

ton Mills do not appear to have ever complained. But the appellants were not parties to that cause, and were not concluded by the judgment therein rendered, unless privity brought them within its binding influence. Without entering upon a discussion of what constitutes privity, it will suffice to say that under the definitions and illustrations of that relation to be found in the books, as well as the analogy to be found in ordinary cases of suretyship, the status here present is not such privity as concluded the appellants by the judgments mentioned.— 6 Words & Phrases, p. 5606, et seq.; 20 Cyc. p. 1493, and notes; 27 A. & Eng. Ency. Law, p. 455 et seq., and notes; *Fidelity Co. v. Robertson,* 136 Ala. 379, 34 South. 933.

We therefore hold that the court erred in overruling the second ground of demurrer to the second replication to plea 6, construing, as we must, the replication as assuming to invoke an estoppel of record. While a reversal of the judgment must follow, the termination of this litigation compels us to add that, if the proof shows on another trial as it does now abandonment by the Broadus Cotton Mills of a purpose to erect the "tiling plant" mentioned in the instrument quoted before, then the plaintiff is entitled to recover against these defendants, and the fact of his refusal to pay installments stipulated in his subscription agreement cannot avail to defeat the liability of these defendants, under the instrument in suit, nor can the time when the Broadus Cotton Mills determined to abandon the purpose to erect the "tiling plant" have any bearing in the premises; the plaintiff having reasonably elected to demand, as he did, the return of the sum paid by him and to cancel his connection with the concern upon information of the fact of abandonment by the corporation of the purpose to within the year erect the tiling plant. According to the plain letter of the agreement, the plaintiff's subscrip-

tion and obligation to pay it ceased when the condition thereof was broken.—*Hall v. Sims*, 106 Ala. 561, 17 Couth. 534.

These considerations dispose of all the questions in the case.

The judgment is reversed and the cause is remanded.

Reversed and remanded.

DOWDELL, C. J., and ANDERSON and SAYRE, JJ., concur.